# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT D. KLINE, <br><br> Plaintiff, <br><br> v. <br><br> QUOTEWIZARD.COM, LLC AND NEIL SALVAGE <br><br> Defendants. | Case No: _____ <br><br> Removed from the Mifflin County Court of Common Pleas, Pennsylvania, Docket No. 20-458 |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446, Defendants Quotewizard.com LLC ("QuoteWizard") and Neil Salvage (collectively "Defendants") hereby remove this action from the Pennsylvania Court of Common Pleas, Mifflin County, to the United States District Court for the Middle District of Pennsylvania. In support of removal, Defendants further state as follows:

### I.   PROCEDURAL BACKGROUND AND RELEVANT FACTS

1. On May 11, 2020, Plaintiff Robert Kline ("Plaintiff") filed a Writ of Simmons in the Pennsylvania Court of Common Pleas, Mifflin County, in the case captioned *Robert D. Kline v. QuoteWizard.com LLC and Neil Salvage.*, Case No. 20-458. The Plaintiff's Writ is attached hereto as **Exhibit A**.

2. On June 2, 2020, Defendants filed a Praecipe for Rule to File Complaint. The Praecipe is attached hereto as **Exhibit B**.

3. On June 22, 2020, Plaintiff filed his Complaint in the case captioned *Robert D. Kline v. QuoteWizard.com LLC and Neil Salvage.* The Complaint is attached hereto as **Exhibit C**.

4. This action involves allegations that Defendants placed telephone calls to him through the use of an automatic telephone dialing system without his consent and in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 (the "TCPA"). He further alleges that Mr. Salvage, is "a governor in charge and a beneficiary of the profits" of QuoteWizard and as such is personally liable due to his alleged failure to supervise QuoteWizard employees to ensure TCPA compliance. Complaint, ¶¶ 3, 26. The Plaintiff asserts the following causes of action against Defendants: (1) Willful Violation of 47 U.S.C. § 227(b)(1)(iii); (2) Willful Violation of 47 U.S.C. §227(b)(1)(A)(iii); (3) Knowing and/or Willful Violation of the TCPA "Do-Not-Call Policy" Requirement 47 C.F.R. 64.1200 et seq.; (4) Trespass to Chattels; and (5) Violation of 47 U.S.C. §227(d)(3)(A)(i).

## II. STATEMENT OF STATUTORY BASIS FOR JURISDICTION: FEDERAL QUESTION JURISDICTION

5. Pursuant to 28 U.S.C. sections 1331 and 1441, this Court has original jurisdiction over Plaintiff's TCPA claims.

6. Defendants are entitled to remove Plaintiff's TCPA claims to this Court pursuant to 28 U.S.C. § 1441(a), which states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

7. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

8. Plaintiff asserts four causes of action arising under a federal statute- the TCPA - creating federal question jurisdiction in this case. Claims based on alleged TCPA violations are a recognized ground for removal. *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012)(U.S. district courts have federal-question jurisdiction over TCPA claims under 28 U.S.C. § 1331).

9. This Court also has supplemental jurisdiction over Plaintiff's trespass to chattels claim by virtue of the Court's original jurisdiction over the TCPA claim. *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

10. This Court should exercise supplemental jurisdiction over Plaintiff's trespass to chattels claim (Count 4) because all of the claims asserted in the Complaint arise from the same alleged operative facts, involve substantially similar questions of law or fact, and form part of the same case or controversy. Specifically, all of the claims asserted in the Complaint relate to Plaintiff's allegations that the Defendants made unlawful phone calls to his telephone without his consent.

11. Based on the foregoing, all claims alleged in the Complaint should be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1367.

**III.   Venue Is Proper**

12. Venue is proper because this case could have been brought in this district. Mifflin County, Pennsylvania, is located within the United States District Court for the Middle District of Pennsylvania, and therefore venue for this action is proper in this Court because the Middle District of Pennsylvania, is the "district and division embracing the place where such action is pending."

28 U.S.C. § 1441(a); *see* 28 U.S.C. § 118(a) (noting that the Middle District of Pennsylvania is comprised of Mifflin County, among other counties).

**IV.     Removal is Timely**

13.     Removal is timely where Plaintiff sent a copy of the Complaint to Defendants on or about June 22, 2016. *See* **Exhibit D**. Letter to Defendants' Counsel enclosing Complaint.[1]

14.     Defendants removed the action within thirty (30) days from the date when it was allegedly served with a copy of the Complaint – the first instance in which Plaintiff set forth the claim for relief. *See* 28 U.S.C. § 1446(b)(1) (requiring removal be filed "within 30 days after the receipt by the defendant through, service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").

**V.     PURSUANT TO 28 U.S.C. § 1446, DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

15.     A copy of all process, pleadings, and orders served upon Defendants are attached to the Notice of Removal as **Exhibit E.**  *See* 28 U.S.C. § 1446(a).

16.     Promptly after filing the instant Notice of Removal, Defendants will give written notice to all adverse parties and will file a copy of the Notice with the clerk of the Pennsylvania Court of Common Pleas for Mifflin County, which will effect the removal of the action to this Court. *See* 28 U.S.C. § 1446(d).

WHEREFORE, Defendants QuoteWizard.com, LLC and Neil Salvage, pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446, respectfully remove this action from the Pennsylvania

---

[1] Plaintiff's letter is undated. However, the Complaint is time-stamped by the Court as received on June 22, 2020. *See* Ex. C. Further, Plaintiff's settlement offer has been redacted from this letter.

Court of Common Pleas, Mifflin County, to the United States District Court for the Middle District of Pennsylvania.

        Respectfully submitted,
        QuoteWizard.com, LLC and Neil Salvage

        By its Attorney,

        <u>/s/ George G. Mahfood</u>
        George G. Mahfood (PA Bar No. 27591)
        Nelson Mullins Broad and Cassel
        2 South Biscayne Blvd
        21st Floor
        Miami, Florida 33131
        George.mahfood@nelsonmullins.com
        Phone:  (305) 373-9427
        Fax:  (305) 995-6437

        *Counsel for Defendants QuoteWizard.com LLC and Neil Salvage.*

Date: July 9, 2020