# *EXHIBIT C*

| | |
|---|---|
| Robert D. Kline, | ) IN THE COURT OF COMMON |
| | ) PLEAS, MIFFLIN COUNTY, PA |
| PLAINTIFF | ) CIVIL ACTION - LAW |
| | ) NO. CV- 2020 - 458 |
| V. | ) |
| | ) |
| Quotewizard.com, LLC & Neil Salvage | ) JURY TRIAL DEMANDED |
| | ) |
| | ) |
| | ) |
| DEFENDANTS | ) |

FILED
MIFFLIN COUNTY
2020 JUN 22 AM 8:48
PROTHONOTARY
CLERK OF COURTS

## PLAINTIFF'S COMPLAINT

**PLAINTIFF**

Robert D. Kline
2256 Fairview Road
McClure, PA 17841
570-658-3448

**DEFENDANTS**

Quotewizard.com, LLC
c/o Incorp Services, Inc.
4505 Pacific Hwy E Ste C-2
Fife, WA 98424

Neil Salvage
157 Yesler Way
Seattle, Washington 98104

| | |
|---|---|
| Robert D. Kline, | ) IN THE COURT OF COMMON |
| | ) PLEAS, MIFFLIN COUNTY, PA |
| PLAINTIFF | ) CIVIL ACTION - LAW |
| | ) NO. CV- 2020 - 458 |
| V. | ) |
| | ) |
| Quotewizard.com, LLC & Neil Salvage | ) |
| | ) |
| | ) |
| | ) |
| DEFENDANTS | ) |

*FILED MIFFLIN COUNTY 2020 JUN 22 AM 8:48 PROTHONOTARY CLERK OF COURTS*

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth on the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that, if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may loose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

MIDPENN LEGAL SERVICES<br>
3 WEST MONUMENT SQUARE, SUITE 303<br>
LEWISTOWN, PA 17044<br>
717-248-3099

| | |
|---|---|
| Robert D. Kline, | IN THE COURT OF COMMON PLEAS, MIFFLIN COUNTY, PA |
| PLAINTIFF | CIVIL ACTION - LAW |
| | NO. CV- 2020 - 458 |
| V. | |
| Quotewizard.com, LLC & Neil Salvage | JURY TRIAL DEMANDED |
| DEFENDANTS | |

FILED MIFFLIN COUNTY 2020 JUN 22 AM 8:48 PROTHONOTARY CLERK OF COURTS

## "PLAINTIFF'S COMPLAINT"

### FACTS COMMON TO ALL COUNTS

1. Plaintiff, **Robert D. Kline**, is an adult individual who at all times relevant herein has residence at 2256 Fairview Road, McClure, PA 17841 and is registered on the Pennsylvania "Do Not Call" registry.

2. Plaintiff, upon information and belief, hereby alleges that at all times relevant herein Defendant, **Quotewizard.com, LLC ("Quote")** has offices at 157 Yesler Way, Seattle, Washington 98104 and is believed to be an insurance brokerage and marketing operation in the business of proving insurance quotes.

3. Plaintiff, upon information and belief, hereby alleges that at all times relevant herein Defendant, **Neil Salvage ("Salvage")** is a governor in charge and a beneficiary of the profits of Quote.

4. Plaintiff believes and therefore avers that for all times relevant herein Defendants were engaged in the illegal telemarketing to provide insurance quotes and services via telephone (phone) with the use of live, automatically

dialed and prerecorded ("robo") calls.

5. Plaintiff believes and therefore avers that the calls described herein and placed by Defendants and/or their agents/reps, subcontractors or employees to Plaintiff's cell phone (717-242-2805) utilized "automatic telephone dialing system" ("ATDS") technology as defined by 47 U.S.C. §227 (a)(1) and is further described in the next paragraph.

6. Plaintiff avers that, more specifically, Defendants and/or their agents used ("ATDS") type equipment to do telemarketing which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person) which enables the production of automatic calls to potential clients.

7. Plaintiff believes and therefore avers that ATDS illegal telemarketing calls when made to Plaintiff were made either directly by Defendants working in concert or through agents and/or subcontractors without Plaintiff's written expressed permission and all Defendants were the beneficiaries of the illegal conduct alleged herein.

8. Such illegal telemarketing activities as alleged and described herein this Complaint are in violation of 47 U.S.C. 227 et seq. which is commonly known as the Telephone Consumer Protection Act ("TCPA").

9. Plaintiff avers that when Defendants' make an ATDS type call to prospective clients telephones, it caused various electronic "blip" noises as well as "dead air" time prior to an agent answering.

10. Plaintiff avers that upon information and belief, since Defendants directly engaged in illegal telemarketing activities as well as supported other agents which regularly use illegal telephone solicitation via ATDS machines and/or prerecorded calls all of which they knew or should have known are done without permission of the Plaintiff called, they have willfully and knowingly engaged in illegal activities under the TCPA.

11. Plaintiff believes and therefore avers that Salvage's illegal telemarketing operations are ultra vires activities and, as such, he is not protected by a corporate veil or umbrella of any corporation that he would claim and, accordingly, he is personally liable for his own illegal actions and vicariously liable for the illegal actions of their agents as well as other employees and subcontractors that aided him in attempting to provide the services of Quote while violating the TCPA.

12. Plaintiff avers that he is not and was not a customer of the Defendants prior to the phone calls described herein and that he and Defendants are each a "person" within the meaning of 47 U. S. C. §153(39).

13. Plaintiff further avers that he has never given his expressed written permission for Defendants and/or their agents to call him on his cell phone.

14. The TCPA was designed to prevent calls like the call described within this complaint, and to protect the privacy of citizens like the Plaintiff.

15. Plaintiff avers that voluminous consumer complaints about abuses of telephone technology, such as computerized calls dispatched to private homes, prompted Congress to pass the TCPA.

16. When Congress enacted the TCPA, they found, inter alia, that automated calls and prerecorded messages are a "nuisance," and an "invasion of privacy," and that the phone subscriber may have to pay for each call.

17. Plaintiff avers that in enacting the TCPA, Congress intended, inter alia, to give consumers a choice as to how creditors and telemarketers may call them, and made specific finding that "technologies that might allow consumer to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer as illuminated in TCPA, Pub. L. No. 102-243 § 11.

18. Plaintiff avers that Congress also found that, inter alia, banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

19. Plaintiff aver that the Federal Communication Commission ("FCC") has made ruling regarding the TCPA's vicarious liability standards as it relates to telemarketing and as early as 1995, the FCC stated that calls placed by an agent of the telemarketer are treated as if the telemarketer itself placed the call.

20. Plaintiff avers that the TCPA legislation was enacted to suppress illegal telemarketing calls that are like the call that is pleaded herein as well as punish those who make them by allowing a private right of action that provides a statutory fine for the benefit of those affected.

21. Defendants' or their agent's phone calls constituted calls that was not for emergency purposes as illuminated in 47 U.S.C. §227 et seq.

22. The telephone calls and activities described herein below which were caused by Defendants and/or their agents violated various provisions of 47 U.S.C. §227 et seq.

23. Upon information and belief Plaintiff avers that Defendants were not registered as telemarketers in the Commonwealth of Pennsylvania as required by The Pennsylvania Telemarketing Registration Act 73 P.S. §§2241 – 2249 ("the Act") when they made the call to Plaintiff nor have they posted the required $50,000.00 bond.

24. The Act provides at § 2243(c), inter alia, that failure to register as required by the act constitutes a misdemeanor of the second degree.

25. The Communications Act of 1934, states, inter alia: "[T]he act, omission, or failure of any agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be deemed to be the act, omission, or failure of such carrier or user as well as of that person." 47 U.S.C. § 217.

26. Plaintiff believes and therefore avers that Salvage is personally liable for TCPA violations as he personally failed to supervise subordinates to ensure TCPA compliance and thus he is vicariously liable for the illegal actions of his other agents to include employees and subcontractors that aided him in providing products and services while violating the TCPA.

27. Plaintiff avers that he is not and was not a customer of the

Defendants prior to the calls described herein.

### COUNT I – WILLFUL VIOLATION OF 47 U. S. C. §227(b)(1)(iii)

28. Plaintiff incorporates by reference each proceeding and succeeding paragraph as though fully set forth herein.

29. Plaintiff believes and therefore avers that on April 9, 2020 at 12:32 PM he received a Avatar type ATDS, prerecorded phone call on his cell phone (717-242-2805) from 717-250-4778 after which a foreign sounding agent answered and asked various question about insurance to include homeowner's insurance and said, inter alia, a verifying agent would contact within a few minutes to answer questions and offer quotes.

30. Plaintiff believes and therefore avers that the call referenced herein this Count was made by the "reps" or agents of Defendants which was an Avatar ATDS type calls made in violation 47 U. S. C. §227(b)(1)(A)(iii).

31. Plaintiff has suffered concrete injury in fact because the calls referenced herein deplete both the memory and battery capacity of the Plaintiff's cell which diminishes the usefulness of said phone as well as causes general allowance.

32. Since calling the Plaintiff as described under Count I was made without written expressed permission of Plaintiff and was a telemarketing/ATDS call, Defendants have violated 47 U.S.C. 227 et seq. which entitles the Plaintiff to statutory damages of $500.00.

33. Plaintiff avers that the calls referenced herein this Count I were made knowingly and willfully without proper safeguards as required by the TCPA and that he is therefore entitled to $1500.00 for the call referenced herein this Count.

WHEREFORE, PLAINTIFF demands judgment against Defendants in the amount of One Thousand Five Dollars ($1500.00) plus the costs of this action for the violations of the TCPA as illuminated herein this Count.

### COUNT II – WILLFUL VIOLATION OF 47 U. S. C. §227(b)(1)(A)(iii)

34. Plaintiff incorporates by reference each proceeding and succeeding paragraph as though fully set forth herein.

35. Plaintiff avers that at 12:57 PM on April 9, 2020 he received another ATDS type call from 717-961-5145 with the characteristic dead air after which the agent answered and asked the same questions as the agent identified in the above Count.

36. Said agent provided his phone number to call him which was 877-916-6344 and said his company was Quotewizard after which he said he would transfer Plaintiff to Matt.

37. Plaintiff believes and therefore avers that the ATDS call that occurred on April 9, 2020 was made by the Defendants working in concert with subcontractors or other agents and was made with ATDS type equipment to Plaintiff's cell phone in violation of 47 U. S. C. §227(b)(1)(A)(iii).

38. Plaintiff has suffered concrete injury in fact because the calls referenced herein this Count deplete both the memory and battery capacity of the Plaintiff's cell which diminishes the usefulness of said phone as well as causes general allowance.

39. Since calling the Plaintiff as described under Count II was made without written expressed permission of Plaintiff and was a telemarketing call made with

equipment that has the capacity to make ATDS type calls, Defendants have violated 47 U. S. C. §227(b)(1)(A)(iii) which entitles the Plaintiff to statutory damages of $500.00.

40. Plaintiff avers that the call referenced herein this Count II was made knowingly and willfully without proper safeguards as required by the TCPA and that he is therefore entitled to $1500.00 for the call referenced herein this Count.

WHEREFORE, PLAINTIFF demands judgment against Defendants in the amount of One Thousand Five Hundred Dollars ($1,500.00) plus the costs of this action for the violations of the TCPA as illuminated herein this Count.

### COUNT III - VIOLATION OF
### (Knowing and/or Willful Violation of the TCPA
### "Do-Not-Call Policy" Requirement 47 C.F.R. 64.1200 et seq.)

41. Plaintiff incorporates by reference each proceeding and succeeding paragraph as though fully set forth herein.

42. Plaintiff has made a written request of Defendants to obtain a copy the written "Do-Not-Call Policy" as provided for at 47 C.F.R. 64.1200(d)(1).

43. To date Plaintiff has not been provided any written policy and therefore Plaintiff concludes that none exists as required.

44. Plaintiff believes and therefore avers that, since Defendants did not send Plaintiff a copy of said policy because they do not maintain any and thus their failure to do so is a willful violation of the 47 C.F.R. 64.1200(d)(1) as described herein this Count.

45. Plaintiff avers that 47 U.S.C. § 227(c)(5) provides a private right of action for claims premised on violations of the TCPA implementing regulations

promulgated pursuant to 47 U.S.C. §§ 227(c)(1)-(4) as well as the applicable sections of the Code of Federal Regulations that relate to the TCPA.

46. Plaintiff avers that he is entitled to $1500.00 damages under the TCPA for the willful violation described in this count which violates 47 C.F.R. 64.1200(d)(1).

WHEREFORE, PLAINTIFF demands judgment against Defendants in the amount of One Thousand Five Hundred Dollars ($1,500.00) plus the costs of this action for the violation of the TCPA as illuminated herein this Count.

### COUNT IV - TRESPASS TO CHATTELS

47. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

48. Plaintiff, not Defendants, pays money to his cell phone carrier for service and equipment which enables him to receive and make calls and, therefore, his phone for all purposes herein is his personal property.

49. The phone calls which are identified and described herein were made illegally by or through Defendants to Plaintiff and were unwanted and unsolicited by Plaintiff.

50. Since said cell phone service described above is for all purposes herein Plaintiff's personal property to use as he sees fit and, since Defendants' calls to Plaintiff were made without his written permission, the Defendants are liable for trespass to chattels, since it diminishes the holding capacity of desired calls and reduces battery capacity which has damaged the Plaintiff and caused concrete injury in fact.

51. Since Plaintiff has had his property damaged by Defendants he is entitled to seek money damages from Defendants in the amount of One Dollar ($1.00) for each call that is described herein this Complaint for a total of $2.00.

WHEREFORE, PLAINTIFF demands judgment against Defendants in the amount of Two Dollars ($2.00) for the two calls that were illegally made plus the costs of this action.

## COUNT V - VIOLATION OF
## 47 U. S. C. §227(d)(3)(A)(i)

52. Plaintiff incorporates by reference each proceeding and succeeding paragraph as though fully set forth herein.

53. Defendants' phone call that is referenced herein this complaint at Count I was a ATDS/robo call that did not provide proper identification consistent with the provisions of the TCPA.

54. Plaintiff avers that 47 U. S. C. §227(d)(3)(A)(i) says in pertinent part:

A) all artificial or prerecorded telephone messages (i) shall, at the beginning of the message, state clearly the identity of the business, individual, or other entity initiating the call, and (ii) shall, during or after the message, state clearly the telephone number or address of such business, other entity, or individual.....

55. Plaintiff avers that Defendants call did not adhere to any of the requirements of law described in the above paragraph.

56. Plaintiff avers it is a violation of the TCPA to violate any of the FCC's implementing regulations under 47 C.F.R. § 64.1200 and thus there is an implied private right of action for violations of 47 U. S. C. §227(d)(3)(A)(i).

57. Plaintiff avers that given the numerosity of Defendants violations under this Count, Defendants have manifested a willful intent to violate 47 U. S. C. §227(d)(3)(A)(i) and Plaintiff is entitled to $1500.00 for this violation.

WHEREFORE, PLAINTIFF demands judgment against Defendants in the amount of One Thousand Five Hundred ($1500.00) plus the costs of this action.

Respectfully submitted,

Robert D. Kline, J. D.
2256 Fairview Road
McClure, PA 17841
Telephone 570-658-3448

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provision of the Public Access Policy of the Unified Judicial System of Pennsylvania; Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

_____
Robert D. Kline, J. D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

June 22, 2020

---

## VERIFICATION

The undersigned verifies that the statements he made in the foregoing Plaintiff's Complaint are true and correct to the best of his knowledge, information and belief and I understand that statements made there are subject penalties of 18 Pa. C. S. A. § 4904 relating to unsworn falsification to authorities.

_____
Robert D. Kline, J. D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

June 22, 2020

FILED MIFFLIN COUNTY 2020 JUN 22 AM 8:48 PROTHONOTARY CLERK OF COURTS

## CERTIFICATE OF SERVICE

On June 22, 2020, I Robert D. Kline, Plaintiff herein served a copy of Plaintiff's Complaint on the defendants listed below via U. S. Mail, postage paid addressed to their attorney as follows:

Matthew E. Brown c/o
Nelson Mulling Riley & Scarborough, LLP
One Post Office Square, 30th Floor
Boston, MA 02109

*[signature]*

Robert D. Kline, J. D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

FILED MIFFLIN COUNTY 2020 JUN 22 AM 8:48 PROTHONOTARY CLERK OF COURTS